By the Court:
As to the notice of lien being in the firm-name only: This would be clearly insufficient in a declaration in an action at *483 law, but we do not think that parties intending to assert a lien under the statute should be held to the strict rules of pleading in giving notice thereof. Of course it would be more regular to describe the parties by their names, as in the case of deeds and other legal proceedings, but we do not think that there is such uncertainty in the present case as would justify us in declaring the lien invalid for that reason. As to the objection that the title to the real estate was in Johnson alone. The complainants had a right to establish their account against both defendants, for the contract for the lumber was with them jointly. There is some testimony tending to show an equity in Dowell, and the lien would only bind the land to that extent, as far as he is concerned. Even if it should turn out that he had no interest, the lien would still be valid as against Johnson’s estate, since he was jointly liable for the debt, and all his right, title, and interest w ere bound by the lien and could be sold in satisfaction of the judgment. If the materials had not been furnished upon his contract and used for the purpose of enlarging his property, the latter could not be subjected to the lien, nor could he be made a party to the proceeding. We think the views of the defendant Johnson on this point are erroneous, and therefore overrule them.
With respect to the transfer of the Adams note, we do not think that in the conflict of the testimony we can infer that it was the intention of the parties that it should release the lien unless paid, and as it has not been paid, the defendant is not entitled to have it credited in the account.
There is nothing in the point that the conveyance to defendant Johnson shows that nine feet of the land on I street is not included in the lien.
Judgment affirmed.